# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 39927

STATE OF IDAHO,

    Plaintiff-Respondent,

v.

TYLER RAY CARTER,

    Appellant-Defendant.

)
)
)
)
)
)
)
)
)
)
)

Boise, June 2013 Term

2013 Opinion No. 92

Filed: August 16, 2013

Stephen Kenyon, Clerk

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, Ada County. Hon. Thomas F. Neville, District Judge.

The district court's judgment of conviction and sentence is <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General, Boise, for respondent.

_____

HORTON, Justice.

Tyler Ray Carter pleaded guilty to aggravated battery on a correctional officer and was sentenced to fifteen years with five years fixed. Carter appealed the sentence on the grounds the district court failed to order a separate psychological evaluation prior to sentencing, as required by I.C. § 19-2522, and also violated his Fifth Amendment privilege against self-incrimination by using pre-trial competency evaluations in making its sentencing determination. Carter did not object to either the use of the competency evaluations or the court's failure to order a psychological evaluation. The Court of Appeals applied the manifest disregard standard to review Carter's claim that the court erred by failing to order a new psychological evaluation, and vacated the sentence. We granted the State's petition for review, in which the State argued that the fundamental error standard applies to all unobjected-to error. We affirm the district court's judgment of conviction and sentence.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Carter was incarcerated at the Idaho Maximum Security Institution in the mental health tier. On May 12, 2009, he created a disturbance in the shower by breaking a chair and spitting on

1

the window. A response team was called, and Carter was placed in arm and leg restraints. Officer Johnson assisted other officers in restraining Carter and returning him to his cell. As the group was proceeding toward Carter's cell, Carter suddenly bent down or leaned forward, and then sprung upward and backward, slamming his head into the right side of Officer Johnson's head, resulting in permanent injuries to Officer Johnson. Carter was charged with aggravated battery on a correctional officer, a violation of I.C. § 18–915(2), with a persistent violator sentence enhancement, I.C. § 19–2514. At the request of Carter's attorney, the court ordered a competency evaluation pursuant to I.C. § 18–211. Dr. Chad Sombke evaluated Carter and concluded that Carter was exhibiting significant psychiatric symptoms but was competent to assist in his defense. After initially pleading not guilty, on the morning of trial Carter agreed to plead guilty to the underlying charge in exchange for the State's agreement to dismiss the persistent violator enhancement. The district court accepted the plea and ordered a presentence investigation report (PSI). Defense counsel then requested that Carter's psychiatric records be included in the PSI:

> [DEFENSE COUNSEL]: Also, Judge, if you could, as part of your order, incorporate that you would like to receive a copy of his psych—psychiatric records—that are already in the—
>
> THE COURT: At IDOC [Idaho Department of Correction]?
>
> [DEFENSE COUNSEL]: IDOC, and I believe under the supervision of Dr. Sombke. I think that—
>
> THE COURT: Okay, okay. And—
>
> [DEFENSE COUNSEL]: —would be helpful.

The judge then explained to Carter that a presentence investigator would come to speak with him, and that her report would be treated seriously by the court. The judge then asked Carter for permission to obtain his psychiatric records:

> THE COURT: I'd like to have whatever psychiatric records exist out there in the world, including at Idaho Department of Corrections. Is that okay with you for me to have those records—
>
> THE DEFENDANT: Yes.
>
> THE COURT: —to know what the doctors have said about you, and what reports they've written?
>
> THE DEFENDANT: Yes.
>
> THE COURT: You understand why that might be important for me to have? If—
>
> THE DEFENDANT: Yes.

THE COURT: —if I have to make a sentencing decision, it would be important for me to have that information, wouldn't it?

THE DEFENDANT: Yes.

....

THE COURT: If you have to sign a waiver or something, that's okay with you?

THE DEFENDANT: Yes.

The PSI included a competency evaluation that was prepared in 2005 for a different case, in which Carter was diagnosed with schizophrenia. The PSI may also have included the 2010 competency evaluation prepared in this case, although that is not clear from the record on appeal. So far as indicated in the record, the PSI did not include any of Carter's psychiatric records generated at IDOC. Carter did not request that the PSI be augmented with IDOC records nor did he request a psychological evaluation pursuant to I.C. § 19–2522. At sentencing, both parties made arguments concerning Carter's mental health. In its sentencing comments, the district court concluded that the head-butting incident was unrelated to Carter's schizophrenia; rather, it was the product of his choice to hurt someone. The district court then sentenced Carter to serve a unified fifteen-year term of imprisonment, with five years fixed.

On appeal, Carter seeks resentencing, contending that the inclusion in his PSI of psychological evaluations that were conducted solely for the purpose of determining his competence to stand trial or assist with his defense violated I.C. § 18–215 and the Fifth Amendment to the United States Constitution. He also asserts that the district court committed error when it failed to *sua sponte* order a psychological evaluation pursuant to Idaho Code § 19–2522.[1]

The Court of Appeals, applying the *Perry*[2] fundamental error test, held that there was no violation of Carter's Fifth Amendment privilege. However, it declined to apply *Perry* to the claimed error based upon I.C. § 19-2522, instead relying on its rule that errors involving a manifest disregard of I.C.R. 32 may be reviewed for the first time on appeal. The Court of Appeals then determined the district court erred by failing to order a psychological evaluation, and vacated the sentence. We granted the State's petition for review.

---

[1] It is an understatement to say that we have borrowed liberally from the Court of Appeals' opinion in the foregoing statement of the factual and procedural history of this action. However, by operation of I.A.R. 122, that opinion will not become final and it will consequently remain unpublished. For that reason, no citation is provided.

[2] *State v. Perry*, 150 Idaho 209, 245 P.3d 961 (2010).

## II. STANDARD OF REVIEW

When this Court hears a case on a petition for review from the Court of Appeals, it "gives serious consideration to the Court of Appeals' views, but will review the trial court's decision directly," and "acts as if the appeal was directly from the trial court's decision." *State v. Pepcorn*, 152 Idaho 678, 686, 273 P.3d 1271, 1279 (2012) (citing *State v. Field*, 144 Idaho 559, 564, 165 P.3d 273, 278 (2007)).

## III. ANALYSIS

Carter originally alleged the district court made two errors during the sentencing proceedings. The first alleged error was that the district court violated Carter's Fifth Amendment privilege against self-incrimination by including with the PSI two psychological evaluations performed to determine his competency to stand trial. However, at oral argument before this Court, Carter's attorney conceded that Carter no longer had a good-faith basis to pursue that claim and withdrew it. Therefore, the only issue remaining on appeal is whether the district court erred by failing to *sua sponte* order a psychological evaluation prior to sentencing, pursuant to I.C. § 19-2522.

**A. This Court will not address the district court's failure to order a psychological evaluation pursuant to I.C. § 19-2522 because it is not fundamental error.**

Carter argues that the district court erred by failing to *sua sponte* order a psychological evaluation prior to sentencing as required by I.C. § 19-2522. Carter concedes he failed to object to the lack of an evaluation during the proceedings. However, he contends that this Court may consider the issue under the "manifest disregard" standard because the fundamental error doctrine does not apply to preclude review of errors at sentencing proceedings. The State argues that the fundamental error test applies to claims of error at sentencing and therefore Carter's claim may not be heard on appeal because he has failed to demonstrate fundamental error.

*1. The fundamental error doctrine applies to claims of error in criminal cases in the trial courts.*

Carter argues that in cases where a district court fails to order a psychological evaluation as required by I.C. § 19-2522, the error may be reviewed on appeal, even if the defendant does not object at sentencing, if the defendant shows that "by failing to order a psychological evaluation the sentencing court manifestly disregarded the provisions of I.C.R. 32." *State v. Durham*, 146 Idaho 364, 366, 195 P.3d 723, 725 (Ct. App. 2008) (citations omitted). We disagree and hold that our decision in *State v. Perry*, 150 Idaho 209, 245 P.3d 961 (2010), has

replaced the "manifest disregard" standard and that all claims of unobjected-to error in criminal cases are now subject to the fundamental error test set forth in *Perry*.

In *Perry*, this Court reiterated the general rule that "Idaho's appellate courts will not consider error not preserved for appeal through an objection at trial." *Perry*, 150 Idaho at 224, 245 P.3d at 976 (citing *State v. Johnson*, 126 Idaho 892, 896, 894 P.2d 125, 129 (1995)). In *Perry*, the Court conducted a comprehensive analysis of the fundamental error doctrine and the circumstances under which it would review unobjected-to error, finally holding:

> In summary, where a defendant alleges that an error occurred at trial, appellate courts in Idaho will engage in the following analysis:
> . . .
> > (2) If the alleged error was not followed by a contemporaneous objection, it shall only be reviewed by an appellate court under Idaho's fundamental error doctrine. Such review includes a three-prong inquiry wherein the defendant bears the burden of persuading the appellate court that the alleged error: (1) violates one or more of the defendant's unwaived constitutional rights; (2) plainly exists (without the need for any additional information not contained in the appellate record, including information as to whether the failure to object was a tactical decision); and (3) was not harmless. If the defendant persuades the appellate court that the complained of error satisfies this three-prong inquiry, then the appellate court shall vacate and remand.

*Id.* at 228, 245 P.3d at 980. Thus, a claim of error that is not preserved by a proper objection may only be reviewed on appeal if the defendant satisfies the three requirements set forth in *Perry*.

In *Perry*, this Court repeatedly used phrases such as "affects the trial," "trial errors," and "errors occurring at trial" which, understandably, has led other courts and litigants to conclude that the standard we announced applied only to errors occurring during trial. However, we have since applied the *Perry* test to claims of error at proceedings other than the guilt phase, including sentencing proceedings. For example, *State v. Carson* was an appeal in which the defendant claimed the district court improperly instructed the jury during capital sentencing proceedings. 151 Idaho 713, 722, 264 P.3d 54, 63 (2011). In that case, this Court held that the defendant was required to "show that the instruction constituted fundamental error" because he had failed to object to the instruction at the sentencing hearing. *Id.* at 723, 264 P.3d at 64 (citing *Perry,* 150 Idaho at 226, 245 P.3d at 978)). In another case, the defendant failed to object to a restitution order entered at sentencing proceedings following a guilty plea. *State v. Gomez*, 153 Idaho 253, 255, 281 P.3d 90, 92 (2012). On appeal, the Court recognized that "the alleged error occurred during the proceedings that followed a guilty plea," and then applied *Perry*, explaining that "the

three part test for unobjected-to fundamental error applies to such criminal proceedings." *Id.* at 256, 281 P.3d at 93. We have also applied the fundamental error test when reviewing claims of unobjected-to error at other proceedings following the guilt phase. *See, e.g.*, *State v. Longest*, 149 Idaho 782, 241 P.3d 955 (2010) (applying *Perry* to preclude review of defendant's claim that prosecution, at hearing following retained jurisdiction, violated terms of a plea agreement). We therefore hold that the fundamental error test is the proper standard for determining whether an appellate court may hear claims based upon unobjected-to error in all phases of criminal proceedings in the trial courts of this state.

The Court's analysis in *Perry* supports this conclusion. That analysis included a review of the historical development of the fundamental error doctrine with the expressly-stated purpose "to establish a clear standard going forward . . . ." *Perry*, 150 Idaho at 220, 245 P.3d at 972. The language of this statement is singular ("a standard"), reflecting this Court's intention that there be a single standard for reviewing unobjected-to error. This conclusion is also supported by the Court's clearly-stated purpose in engaging in the extensive analysis in *Perry*, which was "to clarify the standards employed by Idaho appellate courts in analyzing alleged trial errors for harmless error or fundamental error, so as to: (1) provide guidance to our Appellate Courts applying the doctrine; (2) promote judicial fairness and equal application of law by eliminating unnecessary ambiguities; (3) reinforce the judicial preference for contemporaneous objections before the trial court." *Id.* Having separate standards for unobjected-to error at different phases of criminal proceedings would not eliminate ambiguity, but would rather lead to further dispute as to which post-guilt-phase proceedings are subject to the *Perry* standard and would undermine the policy considerations underlying this Court's stated preference for contemporaneous objections. We therefore hold today that the *Perry* standard applies to all claims of error relating to proceedings in criminal cases in the trial courts.

### 2. Carter has failed to demonstrate fundamental error.

Under *Perry*, it is the defendant's burden to demonstrate that "the alleged error: (1) violates one or more of the defendant's unwaived constitutional rights; (2) plainly exists (without the need for any additional information not contained in the appellate record, including information as to whether the failure to object was a tactical decision); and (3) was not harmless." *Id.* at 228, 245 P.3d at 980. To show reversible error in this context, the appellant

must show "that the error affected the defendant's substantial rights, meaning (in most cases) that it must have affected the outcome. . . ." *Id.* at 226, 245 P.3d at 978.

In this case, Carter claims the district court erred by failing to order a pre-sentencing psychological evaluation in compliance with I.C. § 19-2522. Thus, Carter's claim is based upon a statutory violation, not upon a violation of one of his constitutional rights. As Carter's claim fails to satisfy the threshold requirement established in *Perry*, Carter's claim is not reviewable as it does not constitute fundamental error.

Carter asserts that the affirmative duty imposed upon the district court by I.C. § 19-2522 to order a psychological evaluation permits this Court to review claims of error, even in the absence of an objection. We find the argument unpersuasive. It is axiomatic that a trial court has a duty to follow all of Idaho's laws and rules. However, it does not follow that this duty relieves a party of its obligation to preserve its claims of error by making an appropriate objection at the time of the error. Our view was well-stated by then-Chief Judge Gratton in his concurrence to an unpublished decision of the Court of Appeals:

> While a psychological evaluation under I.C. § 19-2522 is mandatory upon the discretionary finding that there is reason to believe that mental health will be a significant factor at sentencing, the "duty" of the district court to correctly apply that law is no different than the "duty" of the district [court] to correctly apply any law. Most assuredly, sentencing of a defendant without information deemed necessary to correctly and legally do so involves the impairment of a right of the defendant. *Perry,* however, requires the right of the defendant—to which review of unobjected-to error is sought—be of constitutional significance . . . . The district court's "duty" to correctly apply I.C. § 19–2522 does not set it apart from any other law that the district court is duty-bound to apply.[3]

## IV. CONCLUSION

Because Carter has failed to demonstrate fundamental error, we affirm the district court's judgment of conviction and sentence.

Chief Justice BURDICK and Justices EISMANN, J. JONES and W. JONES, **CONCUR**.

---

[3] We have quoted Judge Gratton's statement from another opinion for which this Court has granted a petition for review. Thus, there is no citation for this quotation for the reasons explained in footnote 1, *supra*.