**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 40458**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | 2013 Unpublished Opinion No. 786 |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: December 10, 2013** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **CHRISTINA ALICIA BOLAN,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Cheri C. Copsey, District Judge.

Judgment of conviction and sentence for possession of a controlled substance, affirmed.

Nevin, Benjamin, McKay & Bartlett LLP; Dennis A. Benjamin, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Daphne J. Huang, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Christina Alicia Bolan appeals from her judgment of conviction and sentence for possession of a controlled substance, Idaho Code § 37-2732(c). We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Officers executed a search warrant at Bolan's residence finding methamphetamine, amphetamine, and marijuana. Pursuant to a plea agreement, Bolan was to plead guilty to possession of a controlled substance, methamphetamine. The first attempt to accept Bolan's guilty plea was unsuccessful; because of Bolan's demeanor, the district court requested a drug test, which came back positive for methamphetamine and the court rescheduled the hearing. The following week, the district court accepted Bolan's guilty plea and ordered a substance abuse evaluation as part of the presentence investigation. At sentencing, the district court indicated it

1

carefully read and reviewed the presentence investigation report (PSI), which included multiple references to Bolan's traumatic childhood and her mental health.

Before the district court sentenced Bolan, the parties were asked if any other evaluation or investigation was necessary. The State and Bolan's counsel responded, "No." Bolan was sentenced to a unified term of six years, with two years determinate. The district court also retained jurisdiction and recommended that while serving her rider, Bolan participate in the Correctional Alternative Placement Program (CAPP).

While on her rider, Bolan was removed from multiple programs because she copied other inmates' assignments and she also failed the relapse prevention course. At the rider review hearing, Bolan requested to be placed in drug court and asked the district court not to execute her sentence. The district court emphasized Bolan's dishonesty in the rider program and executed her sentence.

## II.

## ANALYSIS

Bolan alleges the district court erred in failing to order a psychological evaluation pursuant to I.C. § 19-2522; however, she failed to object at sentencing. The Idaho Supreme Court recently held "that all claims of unobjected-to error in criminal cases are now subject to the fundamental error test set forth in *Perry* [150 Idaho 209, 226, 245 P.3d 961, 978 (2010)]." *State v. Carter*, 155 Idaho 170, 173, 307 P.3d 187, 190 (2013). Under *Perry* the defendant must show that the alleged error: (1) violates one or more of the defendant's unwaived constitutional rights; (2) is clear or obvious without the need for reference to any additional information not contained in the appellate record; and (3) affected the outcome of the trial proceedings. *Perry*, 150 Idaho at 226, 245 P.3d at 978.

Failure to order a presentencing psychological evaluation in compliance with I.C. § 19-2522 is a statutory violation claim. *Carter*, 155 Idaho at 174, 307 P.3d at 191. Because a statutory violation is not an alleged constitutional error, it fails to meet *Perry*'s threshold requirement and is not fundamental error. *Carter*, 155 Idaho at 174, 307 P.3d at 191. Bolan alleges a statutory violation and thus fails to establish fundamental error and the claimed error is unreviewable.

Bolan also contends the district court abused its discretion by failing to consider mental health factors at sentencing pursuant to I.C. § 19-2523. An appellate review of a sentence is

based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable, and thus a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982).

Additionally, if the defendant's mental condition is a significant factor, the sentencing court must also consider the defendant's mental health at sentencing. I.C. § 19-2523; *State v. Miller*, 151 Idaho 828, 834, 264 P.3d 935, 941 (2011). If implicated, I.C. § 19-2523 requires the court to consider:

> (a) The extent to which the defendant is mentally ill;
> (b) The degree of illness or defect and level of functional impairment;
> (c) The prognosis for improvement or rehabilitation;
> (d) The availability of treatment and level of care required;
> (e) Any risk of danger which the defendant may create for the public, if at large, or the absence of such risk;
> (f) The capacity of the defendant to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of law at the time of the offense charged.

I.C. § 19-2523(1)(a)-(f). A defendant's mental health is only one of the factors to be considered and weighed by the court at sentencing; the statute does not require that a defendant's mental condition be the controlling factor at sentencing, nor does it require the district court to specifically reference all of the factors of I.C. § 19-2523. *Miller*, 151 Idaho at 836, 264 P.3d at 943; *State v. Strand*, 137 Idaho 457, 461, 50 P.3d 472, 476 (2002); *State v. Quintana*, 155 Idaho 124, 129, 306 P.3d 209, 214 (Ct. App. 2013). However, the record must show the court adequately considered the substance of the factors when it imposed the sentence. *Miller*, 151 Idaho at 836, 264 P.3d at 943; *Strand*, 137 Idaho at 461, 50 P.3d at 476.

3

Because we find the district court complied with I.C. § 19-2523, we assume for this appeal that Bolan's mental health was a significant factor and the statute was implicated.[1] In *Strand*, the Idaho Supreme Court held that the record adequately showed the district court reviewed the I.C. § 19-2523 factors:

> In this case, the district court continued completion of the sentencing hearing in order to obtain a psychological examination of the Defendant. The record shows that the district court reviewed the report of that examination prior to sentencing the Defendant. In fact, the district court quoted portions of the report during the sentencing hearing. Thus, the district court complied with Idaho Code § 19-2523.

*Strand*, 137 Idaho at 461, 50 P.3d at 476.

Here, the district court did not expressly recount the specific mental health conditions[2] Bolan may have suffered from, but the court carefully read the PSI report and explicitly acknowledged Bolan's traumatic past, which the reports indicated played a large role in Bolan's mental health problems. The court, while referencing the reports, discussed with Bolan that she had the ability to get beyond her past and that there was hope for recovery. While not directly relating its findings to individual factors of I.C. § 19-2523, the district court discussed the danger Bolan posed of relapsing if put on probation, her ability for rehabilitation, and recommended CAPP to help her achieve recovery. The district court indicated its primary purpose was to get Bolan well and acknowledged that Bolan was not a bad person, but that she had a lot overwhelming her.

Bolan argues that the court's comments that she move beyond her past indicates that the district court did not review the attached evaluations because the reports recommended treatment focusing on dealing with her past. The court offering Bolan advice to rise above her past and to focus on her future does not indicate the district court was suggesting to Bolan that she ignore

---

[1]    The district court made no express determination that Bolan's mental health was a significant factor and Bolan failed to object to the lack of a psychological evaluation. As noted above, under *Carter*, failure to object to lack of a psychological evaluation precludes a court from reviewing alleged error under I.C. § 19-2522. Because we determine the district court adequately considered the mental health factors, we need not determine whether the district court was unaware of mental health problems. Failure to object precludes review under I.C. § 19-2523.

[2]    The PSI reviewed Bolan's potential mental health disorders, which included major depressive disorder recurrent, anxiety, PTSD, ADHD, and Dysthymia disorder.

4

mental health treatment or simply forget about her past all together. The district court carefully considered the reports and focused much of its express attention on Bolan's immediate need for substance abuse treatment at sentencing, which is not surprising since the State and Bolan did not request a psychological evaluation or place any emphasis on Bolan's mental health. The preeminent theme was substance abuse. At the rider review hearing, Bolan again did not raise her mental health as a significant factor, but instead requested to be placed in drug court. I.C. § 19-2523 does not require that mental health be the controlling factor, it simply requires that the factors are considered. The record shows the district court adequately considered the statutory factors.

## III.
## CONCLUSION

This Court will not review the lack of a psychological evaluation because Bolan failed to object at sentencing. Additionally, the district court did not abuse its discretion because it adequately considered the I.C. § 19-2523 factors. Bolan's judgment of conviction and sentence are affirmed.

Chief Judge GUTIERREZ and Judge LANSING **CONCUR.**