IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 38473

| STATE OF IDAHO, | ) | 2013 Unpublished Opinion No. 792 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: December 18, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| LARRY JASON WHITE, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Shoshone County. Hon. Fred M. Gibler, District Judge.

Judgment of conviction and unified sentence of five years, with a minimum period of confinement of one and one-half years, for burglary, affirmed.

Sara B. Thomas, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Larry Jason White appeals from the district court's judgment of conviction and sentence entered upon a jury verdict finding him guilty of burglary, Idaho Code § 18-1401, and petit theft, I.C. §§ 18-2403(1), 18-2407(2). We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

White was accused of stealing a mink shawl from an antique store. At trial, White testified that he had suffered four strokes in the past and had been prescribed Klonopin to treat his post-traumatic stress disorder. White was convicted of burglary and petit theft and the district court ordered a presentence investigation report (PSI) to be prepared for sentencing. The PSI contained statements from White indicating that he was the target of a hit and that there had been repeated attempts on his life during the previous five years. White also recognized that he needed to enroll in mental health counseling to deal with his problems.

At sentencing, the district court stated that White's mental health contributed to his criminal behavior and imposed a unified term of five years, with one and one-half years determinate, to run concurrently with a sentence imposed in an unrelated case. White timely appeals.

## II.

## ANALYSIS

White claims the district court erred by failing to sua sponte order a psychological evaluation prior to sentencing, pursuant to I.C. § 19-2522.[1] He argues that the plain language of the statute places the obligation to order an evaluation upon the district court and is not dependent on a request from either party. The State contends that this claim cannot be reviewed on appeal because White did not preserve the claim below and makes no attempt to demonstrate fundamental error on appeal.

White's claim of error was not preserved by a proper objection before the district court. The Idaho Supreme Court has recently held that the fundamental error standard articulated in *State v. Perry*, 150 Idaho 209, 245 P.3d 961 (2010) is "the proper standard for determining whether an appellate court may hear claims based upon unobjected-to error in all phases of criminal proceedings in the trial courts of this state." *State v. Carter*, 155 Idaho 170, 174, 307 P.3d 187, 191 (2013). Thus, we apply the fundamental error standard in determining whether to review White's claim. In *Perry*, the Idaho Supreme Court abandoned the definitions it had previously utilized to describe what may constitute fundamental error. The *Perry* Court held that an appellate court should reverse an unobjected-to error when the defendant persuades the court that the alleged error: (1) violates one or more of the defendant's unwaived constitutional rights; (2) is clear or obvious without the need for reference to any additional information not contained in the appellate record; and (3) affected the outcome of the trial proceedings. *Perry*, 150 Idaho at 226, 245 P.3d at 978.

In the instant case, White claims that the district court should have sua sponte ordered a mental health evaluation because the court had reason to believe that his mental health condition

---

[1]     Idaho Code § 19-2522(1) states, in relevant part: "If there is reason to believe the mental condition of the defendant will be a significant factor at sentencing and for good cause shown, the court shall appoint at least one (1) psychiatrist or licensed psychologist to examine and report upon the mental condition of the defendant."

would be a significant factor at sentencing. In *Carter*, the Idaho Supreme Court considered an identical unobjected-to claim of error based on the district court's failure to sua sponte order a mental health evaluation and determined that the alleged error was based on a statutory violation, not upon a violation of a constitutional right. *Carter*, 155 Idaho at 174, 307 P.3d at 191. The Court also stated that the affirmative duty imposed upon the district court by I.C. § 19-2522 to order a mental health evaluation does not relieve the defendant of the obligation to preserve the claim of error by making an appropriate objection. *Id.* Therefore, the Court did not review the error as it failed to satisfy the first prong established in *Perry*. *Id.*

Here, White failed to argue that the district court's alleged error of failing to sua sponte order a mental health evaluation constituted fundamental error, nor would such an argument be successful. Like *Carter*, White's claim is based upon a statutory violation, not upon a violation of his constitutional rights. Therefore, White is unable to satisfy the first prong of the *Perry* fundamental error standard. Thus, we will not review White's claim of error.

## III.

## CONCLUSION

White has failed to demonstrate fundamental error. Accordingly, the district court's judgment of conviction and sentence is affirmed.

Judge GUTIERREZ and Judge MELANSON **CONCUR.**