**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 40934**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2013 Unpublished Opinion No. 794 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: December 19, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| GAGE BENTON HARRIS, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Molly J. Huskey, District Judge.

Order relinquishing jurisdiction, affirmed.

Sara B. Thomas, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

In this case we are asked to determine whether the district court abused its discretion in not sua sponte reducing the sentence upon relinquishment of retained jurisdiction. We affirm.

Gage Benton Harris pled guilty to burglary. I.C. § 18-1401. In exchange for his guilty plea, additional misdemeanor charges were dismissed. Following his plea, Harris was sentenced to a unified term of five years, with a minimum period of confinement of two years. The district court suspended the sentence and placed Harris on probation. Thereafter, Harris admitted to violating the terms of the probation. The district court revoked probation and ordered execution of Harris's sentence. Harris requested that the district court execute his sentence without retaining jurisdiction. The district court, however, ordered retained jurisdiction, and Harris was sent to participate in a rider program. During the period of retained jurisdiction, Harris was removed from the program and the district court relinquished jurisdiction.

1

Harris appeals, claiming that it was an abuse of discretion and for the district court not to have sua sponte reduced the sentence upon relinquishment of jurisdiction. The state contends that Harris's motion is not properly before this Court because Harris failed to move for a reduction of his sentence below, and therefore, Harris must meet the fundamental error test of *State v. Perry,* 150 Idaho 209, 245 P.3d 961 (2010).

The fundamental error test is the proper standard for determining whether an appellate court may hear claims based upon unobjected-to error in all phases of criminal proceedings in trial courts. *State v. Carter*, 155 Idaho 170, 174, 307 P.3d 187, 191 (2013). While Harris contends that the fundamental error test does not apply because he had no opportunity to object when the district court relinquished jurisdiction (without holding a rider review hearing), this assertion ignores the possibility that Harris could have thereafter filed an I.C.R. 35 motion for reduction of sentence. In *Perry,* the Court explained that the fundamental error rule serves to induce the timely raising of claims and objections, which gives the trial court the opportunity to consider and resolve them. *Id.* at 224, 245 P.3d at 976. In such situations, the filing of an I.C.R. 35 motion allows the trial court an opportunity to consider and resolve any error. This is the functional equivalent of a contemporaneous objection in the traditional situation where the defendant is in court at a hearing and is able to concurrently object. Therefore, the *Perry* fundamental error test applies and Harris has failed to allege or demonstrate fundamental error.

Furthermore, even if we were to review Harris's claim under an abuse of discretion standard, he has still failed to demonstrate the district court erred. Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez,* 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez,* 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill,* 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver,* 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. The order of the district court relinquishing jurisdiction and Harris's sentence are affirmed.

Judge LANSING and Judge GUTIERREZ, **CONCUR.**