# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 38944

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 312 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: January 7, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| GINA DONELL STANDLEY, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Jon J. Shindurling, District Judge.

Judgment of conviction and unified sentence of ten years, with a minimum period of confinement of two years, for delivery of methamphetamine, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.

_____

Before LANSING, Judge; GRATTON, Judge;
and MELANSON, Judge

_____

PER CURIAM

Gina Donell Standley was convicted of delivery of methamphetamine, Idaho Code § 37-2732(a)(1)(A). The district court sentenced Standley to a unified term of ten years, with a minimum period of confinement of two years. Standley appeals, contending that the district court erred by failing to sua sponte order a mental health evaluation, and contending that her sentence is excessive.

Idaho Code § 19-2522(1) provides that "if there is reason to believe the mental health condition of the defendant will be a significant factor at sentencing and for good cause shown, the court shall appoint at least one (1) psychiatrist or licensed psychologist to examine and report

1

upon the mental condition of the defendant." Standley did not request a mental evaluation prior to sentencing nor object to the district court's failure to order one. All claims of unobjected-to error in criminal cases are subject to the fundamental error test set forth in *State v. Perry*, 150 Idaho 209, 245 P.3d 961 (2010). *State v. Carter*, 155 Idaho 170, 173, 307 P.3d 187, 190 (2013). This test requires that the appellant demonstrate that the alleged error (1) violates one or more of the defendant's unwaived constitutional rights; (2) is clear or obvious without need for reference to any additional information not contained in the appellate record; and (3) affected the outcome of the proceedings. *Perry*, 150 Idaho at 226, 245 P.3d at 978. Applying this test, Standley has not demonstrated fundamental error. Her argument is that the court failed to abide by the language of I.C. § 19-2522. This claim asserts a violation of a statute but not violation of any constitutional right. Therefore, Standley's claim does not satisfy the first prong of the *Perry* test.

We next address Standley's claim that her sentence is excessive. Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Therefore, Standley's judgment of conviction and sentence are affirmed.