## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 40525

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 479 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: April 25, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| MICHAEL FRANCIS MOORE, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Richard D. Greenwood, District Judge.

Judgment of conviction and unified sentence of five years, with a minimum period of confinement of one year, for burglary, <u>affirmed</u>; order denying I.C.R. 35 motion for reduction of sentence, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

Pursuant to a plea agreement, Michael Francis Moore pled guilty to one count of burglary. I.C. § 18-1401. The terms of the agreement provided that the state would recommend probation provided that Moore did not fail to appear for any court hearings. Moore failed to appear at sentencing and the district court issued a warrant. Officers subsequently arrested Moore on the warrant. At sentencing, Moore requested that the district court order a mental health evaluation pursuant to I.C. § 19-2524. The district court reviewed Moore's mental health history contained in the records attached to the presentence investigation report and determined Moore's history of mental illness was already well documented and that an I.C. § 19-2524 evaluation would not provide any additional information. The district court imposed a unified sentence of five years, with a minimum period of confinement of one year. Moore filed an

1

I.C.R. 35 motion for reduction of sentence and presented additional evidence. The district court denied the motion. Moore appeals.

Moore argues the district court erred by failing to order a mental health evaluation pursuant to I.C. § 19-2522. Moore also argues the district court erred by denying his Rule 35 motion for reduction of sentence in light of new information Moore presented at the Rule 35 hearing. The state responds Moore did not request this specific evaluation, and therefore, it is not properly before this Court for the first time on appeal. The state also contends Moore has failed to establish the district court abused its discretion in denying his Rule 35 motion.

Moore's claim of error was not preserved by a proper objection before the district court. Moore specifically requested a mental health evaluation pursuant to I.C. § 19-2524. Moore did not request a psychological evaluation under I.C. § 19-2522. While Moore contends "counsel was only required to bring the issue of Moore's mental health condition to the attention of the district court and request further evaluation of Moore's mental health," this misapprehends what is required for preservation of an issue for appeal. At the sentencing hearing, counsel for Moore stated as follows:

> And it seems--it's come to my attention that at the time of this incident, Mr. Moore was experiencing hallucinations, symptoms of his schizophrenia. He is also bipolar and is not on his medication. And it has come to my attention that his mental health issues probably played a very big role in this incident.
> I know the Court and the State is not in support of his mental health court screening, and I think it's also because the crime is burglary, and they probably won't accept him because of that. But I think it would be a beneficial--if he had a 19-2524 mental health evaluation, I think that information would be beneficial to this Court prior to his sentencing.

This passage demonstrates counsel was requesting an evaluation pursuant to I.C. § 19-2524, not further evaluation generally, as Moore argues on appeal. For an objection to be preserved for appellate review, either the specific ground for the objection must be clearly stated, or the basis of the objection must be apparent from the context. I.R.E. 103(a)(1); *State v. Sheahan*, 139 Idaho 267, 277, 77 P.3d 956, 966 (2003). Moore failed to articulate the specific ground and the basis is not apparent from the context. Therefore, this issue was not objected to below.

The fundamental error standard articulated in *State v. Perry*, 150 Idaho 209, 245 P.3d 961 (2010) is the proper standard for determining whether an appellate court may hear claims based upon unobjected-to error in all phases of criminal proceedings in the trial courts of this state.

*State v. Carter*, 155 Idaho 170, 174, 307 P.3d 187, 191 (2013). Thus, we apply the fundamental error standard in determining whether to review Moore's claim. In *Perry*, the Idaho Supreme Court abandoned the definitions it previously utilized to describe what may constitute fundamental error. The *Perry* Court held that an appellate court should reverse an unobjected-to error when the defendant persuades the court that the alleged error: (1) violates one or more of the defendant's unwaived constitutional rights; (2) is clear or obvious without the need for reference to any additional information not contained in the appellate record; and (3) affected the outcome of the trial proceedings. *Perry*, 150 Idaho at 226, 245 P.3d at 978.

In *Carter*, the Idaho Supreme Court considered an unobjected-to claim of error based on the district court's failure to sua sponte order a mental health evaluation and determined that the alleged error was based on a statutory violation, not upon a violation of a constitutional right. *Carter*, 155 Idaho at 173-74, 307 P.3d at 190-91. The Court also stated that the affirmative duty imposed upon the district court by I.C. § 19-2522 to order a mental health evaluation does not relieve the defendant of the obligation to preserve the claim of error by making an appropriate objection. *Carter*, 155 Idaho at 173-74, 307 P.3d at 190-91. Therefore, the Court did not review the error as it failed to satisfy the first prong established in *Perry*. *Carter*, 155 Idaho at 173-74, 307 P.3d at 190-91. Likewise, in this case, Moore's claim is based upon a statutory violation, not upon a violation of his constitutional rights. Therefore, Moore is unable to satisfy the first prong of the *Perry* fundamental error standard. Thus, we will not review Moore's claim of error with respect to the I.C. § 19-2522 psychological evaluation.

Next, we address Moore's claim that the district court abused its discretion by failing to reduce his sentence after the Rule 35 hearing. A motion for reduction of sentence under Rule 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the record, including the new information submitted with Moore's Rule 35 motion, we conclude no abuse of discretion has been shown. Accordingly, Moore's judgment of conviction and sentence for burglary and the district court's order denying Moore's Rule 35 motion for reduction of sentence are affirmed.

3

Judge LANSING, **CONCURRING IN THE RESULT**

I do not agree with the lead opinion's assessment that the issue raised on appeal was not preserved for review. I conclude, however, that the district court correctly determined that a new psychological evaluation was not needed in view of the extensive information already before the district court concerning Moore's mental health condition and history.

Chief Judge GUTIERREZ, joins in Judge Lansing's opinion and also **CONCURS IN THE RESULT**.