**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 40965**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2014 Unpublished Opinion No. 689** |
| | ) | |
| Plaintiff-Respondent, | ) | **Filed: August 22, 2014** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **TROY LAMAR HARRELL,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Defendant-Appellant. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Bradly S. Ford, District Judge.

Judgment of conviction and unified sentence of five years, with a minimum period of confinement of two years, for delivery of a controlled substance, <u>affirmed</u>.

Nevin, Benjamin, McKay & Bartlett, LLP; Robyn A. Fyffe, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Chief Judge; LANSING, Judge;
and MELANSON, Judge

_____

PER CURIAM

Troy Lamar Harrell was convicted of delivery of a controlled substance, Idaho Code § 37-2732(a)(1)(B). The district court sentenced Harrell to a unified term of five years with a minimum period of confinement of two years. Harrell appeals, contending that the prosecutor violated his due process rights by making a "materially untrue assertion" at sentencing and that his sentence is excessive.

Harrell indicated to the presentence investigator that he did not realize he was committing a felony by selling the substance for which he was prosecuted. At sentencing, the prosecutor responded by arguing that Harrell must have known that the customers would smoke the product

1

he was selling because his shop sold pipes. Harrell's attorney made no objection to the prosecutor's comment at that time but later, in his own argument, responded by saying that, to the best of his knowledge, there were not any pipes sold in Harrell's establishment. According to police records attached to the PSI, no pipes were for sale in the shop. On appeal, Harrell argues that the prosecutor's argument, asserting a fact that was materially untrue, violated Harrell's right to due process and that his case therefore should be remanded for resentencing.

Harrell raises this due process issue for the first time on appeal. Because Harrell's counsel neither objected to the prosecutor's statement nor asserted a violation of Harrell's due process rights in the district court, the issue may be considered on appeal only if the alleged error rises to the level of fundamental error. *State v. Perry*, 150 Idaho 209, 224, 245 P.3d 961, 976 (2010); *State v. Carter*, 151 Idaho 170, 173-74; 307 P.3d 187, 190-91 (2013). To demonstrate fundamental error, a defendant must show that the alleged error (1) violated one or more of his unwaived constitutional rights; (2) plainly existed, without the need for additional information not contained in the appellate record, including information as to whether defense counsel's failure to object was a tactical decision; and (3) was not harmless. *Perry*, 150 Idaho at 228, 245 P.3d at 980. On appeal, Harrell has not even presented an argument that the alleged misrepresentation by the prosecutor satisfies the three-part test for fundamental error. Therefore, it will not be addressed further.

Harrell also contends that his sentence is excessive. Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Therefore, Harrell's judgment of conviction and sentence are affirmed.