**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 36968**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | **2011 Opinion No. 22** |
| Plaintiff-Respondent, | ) | |
| | ) | **Filed: April 27, 2011** |
| v. | ) | |
| | ) | **Stephen W. Kenyon, Clerk** |
| PONY L. JACKSON, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Clark County. Hon. Joel E. Tingey, District Judge.

Judgment of conviction for two counts of lewd and lascivious conduct with a minor, affirmed.

Molly J. Huskey, State Appellate Public Defender; Elizabeth A. Allred, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Judge

Pony L. Jackson appeals from his conviction on two counts of lewd and lascivious conduct with a minor child, Idaho Code § 18-1508. He seeks fundamental error review of a number of asserted instances of prosecutorial misconduct to which no objection was made at trial. Finding no error that meets the criteria for fundamental error, we affirm.

**I.**

**BACKGROUND**

In 2008, Jackson was charged with two counts of lewd conduct with a minor under sixteen years of age, I.C. § 18-1508, for acts of molestation of his niece, K.W., that were alleged to have occurred sixteen years earlier. K.W. apparently was prompted to report these offenses in 2007 because she had heard of a news broadcast indicating that Jackson had been charged with possession of child pornography and that law enforcement authorities were requesting contact

1

from anyone who had been victimized by him. After a jury trial, Jackson was found guilty of both charges. On appeal, Jackson contends that the prosecutor violated a pretrial order that precluded the State from disclosing details of the news broadcast indicating other criminal activity by Jackson. He also argues that the prosecutor improperly elicited testimony from K.W.'s mother vouching for K.W.'s credibility and violated Jackson's Fifth Amendment right against self-incrimination by referring during closing argument to the absence of any trial testimony by Jackson.

## II.

## STANDARD OF REVIEW

Jackson made no objection at trial to the alleged acts of prosecutorial misconduct of which he now complains. Trial error ordinarily will not be addressed on appeal unless a timely objection was made in the trial court. *State v. Adams*, 147 Idaho 857, 861, 216 P.3d 146, 150 (Ct. App. 2009). This limitation "serves to induce the timely raising of claims and objections, which gives the [trial] court the opportunity to consider and resolve them." *Puckett v. United States*, ___ U.S. ___, ___, 129 S. Ct. 1423, 1428 (2009). Because Jackson raises his claims of error for the first time on appeal, to obtain our review of these issues, he must establish that they are reviewable as "fundamental error."

In its recent opinion in *State v. Perry*, 150 Idaho 209, 245 P.3d 961 (2010), the Idaho Supreme Court re-examined the fundamental error doctrine and adopted a new definition of the types of error for which review will be provided on appeal in the absence of a timely objection in the trial court. The Supreme Court stated that to obtain relief on appeal for fundamental error:

> (1) the defendant must demonstrate that one or more of the defendant's unwaived constitutional rights were violated; (2) the error must be clear or obvious, without the need for any additional information not contained in the appellate record, including information as to whether the failure to object was a tactical decision; and (3) the defendant must demonstrate that the error affected the defendant's substantial rights, meaning (in most instances) that it must have affected the outcome of the trial proceedings.

*Id.* at 226, 245 P.3d at 978 (footnote omitted). Thus, on a claim of fundamental error a defendant must first show that the alleged error "violates one or more of the defendant's unwaived constitutional rights" and that the error "plainly exists" in that the error was plain, clear, or obvious. *Id.* at 228, 245 P.3d at 980. If the appellate record is insufficient to show clear error, "the matter would be better handled in post-conviction proceedings." *Id.* at 226, 245 P.3d at 978.

If the alleged error satisfies the first two elements of the *Perry* test, the error is reviewable. *Id.* To obtain appellate relief, however, the defendant must further persuade the reviewing court that the error was not harmless; i.e., that there is a reasonable possibility that the error affected the outcome of the trial. *Id.* at 226, 228, 245 P.3d at 978, 980.

## III.

## ANALYSIS

**A.     Evidence and Argument Implying Jackson Had Other Molestation Victims**

In advance of trial, Jackson filed a motion in limine seeking exclusion, pursuant to Idaho Rule of Evidence 404(b),[1] of any evidence of his child pornography charge and any reference to television reports requesting that any alleged victims contact authorities. After a hearing on the motion, the district court reserved ruling until the evidence was proffered at trial. Immediately before trial was to begin, however, the prosecutor requested a ruling. He explained that he wanted to inquire of the victim in this area in order to explain why she had reported this abuse to authorities so long after the occurrence, and the prosecutor sought a ruling on the permissible boundaries so as not to cause "any mistrials or appealable issues." After some discussion, the district court held that the prosecutor could make his point and avoid prejudice to Jackson by eliciting from the victim that "there was a law enforcement inquiry regarding Pony Jackson and that prompted her to come forward, something general and innocuous like that." The court further directed the prosecutor to instruct the victim on this limitation to her testimony. Notwithstanding this ruling, in his opening statement the prosecutor said, "[I]t wasn't until 2007, in January 2007, when there was a report on the news that anybody who had been molested by Pony Jackson, if they would contact the sheriff's office or law enforcement had wanted them to do that." Then the prosecutor elicited from the victim testimony that she contacted the sheriff's department because "on the news they had said that Pony Jackson had been arrested and that *anybody else* that had been molested by him, to please come forward." (Emphasis added.) Lastly, in closing argument the prosecutor said that after the victim heard a media report "that those who have something to say about Pony Jackson molesting them ought to come forward,

---

[1]     Rule 404(b) states, in part, "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith."

she came forward." Defense counsel did not object, move to strike the testimony or argument, or request a mistrial.

In order to satisfy the first prong of the *Perry* standard for fundamental error review--that the error violates one of his unwaived constitutional rights--Jackson appears to argue that because he has a Fourteenth Amendment due process right to a fair trial, necessarily all errors that taint a trial infringe on that right and thus are constitutional errors that are reviewable as fundamental error. We do not view this contention to be consistent with the Supreme Court's pronouncement in *Perry* that "where . . . the asserted error relates not to infringement upon a constitutional right, but to violation of a rule or statute . . . the 'fundamental error' doctrine is not invoked." *Id.* at 226, 245 P.3d at 978 (quoting *State v. Kirkwood*, 111 Idaho 623, 626, 726 P.2d 735, 738 (1986)). Long before *Perry*, the Idaho Supreme Court had held that claims of error in the admission of evidence (including violation of Rule 404(b)) are not subject to fundamental error analysis. *See*, *e.g.*, *State v. Cannady*, 137 Idaho 67, 72-73, 44 P.3d 1122, 1127-28 (2002); *State v. Moore*, 131 Idaho 814, 822, 965 P.2d 174, 182 (1998); *State v. Evans*, 129 Idaho 758, 762, 932 P.2d 881, 885 (1997); *State v. Davis*, 127 Idaho 62, 64, 896 P.2d 970, 972 (1995); *State v. Johnson*, 126 Idaho 892, 896, 894 P.2d 125, 129 (1995); *State v. Bingham*, 116 Idaho 415, 423, 776 P.2d 424, 432 (1989). While the Supreme Court has not been invariable in that position, holding in *State v. Walters*, 120 Idaho 46, 59, 813 P.2d 857, 870 (1991) (Boyle, J. concurring)[2] that the admission, without objection, of a fire investigation expert's opinion that the defendant was the person who started the fire was reviewable as fundamental error, the *Walters* decision appears to be the only exception. Both before and after *Walters*, the Supreme Court has consistently refused fundamental error review for evidentiary error that does not encompass a constitutional violation. In our view, the *Perry* Court's definition of fundamental error as requiring a constitutional violation reflects an intent to frame a more definitive limit upon fundamental error review, not to expand it. To hold that the presentation of evidence and associated argument in violation of an evidentiary rule satisfies the constitutional violation element of *Perry* because all evidentiary error implicates due process would, in our view, virtually eviscerate the first prong of the *Perry* standard and contravene the limits that *Perry* places on fundamental error review.

---

[2]     Justice Boyle's concurring opinion issued on rehearing was joined by two other justices and thus presented the view of a majority of the Idaho Supreme Court.

4

Here, the trial court's order prohibiting reference in front of the jury to the content of the news broadcast that implied other offenses by Jackson was not based upon any constitutional right but apparently upon the trial court's determination that such evidence was inadmissible under Idaho Rule of Evidence 404(b). There being no demonstration that the prosecutor's alleged misconduct in disobeying the pretrial order violated one or more of Jackson's unwaived constitutional rights, no fundamental error has been shown.

## B. Vouching Evidence

Jackson next asserts that the prosecutor committed misconduct by eliciting testimony from the victim's mother that she believed her daughter was truthful in her allegations against Jackson.

Whether this particular variety of evidentiary error, to which no objection was made at trial, is reviewable as fundamental error was not made entirely clear by *Perry*. The *Perry* case itself involved a nearly identical claim of fundamental error. The prosecutor there elicited testimony from child victims' foster parents and the investigating officer that they believed the victims were honest and/or believed the victims' allegations against the defendant. Although the Supreme Court deemed this evidence inadmissible because "a question calling 'for the opinion of one witness as to the truthfulness of another . . . is clearly an invasion of the province of the jury, who are the judges of the credibility of witnesses,'" *id.* at 229, 245 P.3d at 981 (quoting *People v. Barnes*, 2 Idaho 148, 150, 9 P. 532, 533 (1886)), and because such evidence does not "assist the trier of fact" as required by I.R.E. 702, *id.*, the Court declined to conduct a fundamental error review. In so declining, the Court did not address whether the error violated one of the defendant's constitutional rights. Instead, the Court skipped to the second prong of the *Perry* standard, which asks whether the failure to object at trial was a strategic decision. *Id.* Finding that the record of Perry's trial indicated that defense counsel may have chosen not to object to the vouching testimony as a matter of trial strategy, the Court refused fundamental error review.

The same approach is not appropriate here. The record in this case suggests no reason to conclude that defense counsel elected, as a matter of trial strategy, to waive any objection when the prosecutor elicited testimony from K.W.'s mother that she believed K.W.'s allegations against Jackson. Therefore, we must address the issue that was not determined in

*Perry*--whether the elicitation of vouching testimony from a lay witness violates a constitutional right of the accused.

We conclude that it does not. *People v. Barnes*, the early decision cited by the *Perry* Court for the proposition that it is impermissible for one witness to vouch for the truthfulness of another witness's testimony, did not predicate that rule upon a constitutional principle; rather, it cited a provision of the Idaho Territories Code of Civil Procedure. *Barnes*, 2 Idaho at 150, 9 P. at 533. Since adoption of the Idaho Rules of Evidence, Rules 608(a), 701, and 702 have all been cited as disallowing testimony of one witness that another witness was or was not telling the truth in particular testimony. *See*, *e.g.*, *State v. Christiansen*, 144 Idaho 463, 468, 163 P.3d 1175, 1180 (2007) (Rule 608(a)); *State v. Perry*, 139 Idaho 520, 525, 81 P.3d 1230, 1235 (2003) (Rule 702); *State v. Raudebaugh*, 124 Idaho 758, 768, 864 P.2d 596, 606 (1993) (Rule 608(a)); *State v. Hauser*, 143 Idaho 603, 612, 150 P.3d 296, 305 (Ct. App. 2006) (Rule 701); *State v. Johnson*, 119 Idaho 852, 857-58, 810 P.2d 1138, 1143-44 (Ct. App. 1991) (Rule 701). We have found no Idaho authority that invoked a constitutional provision as a basis for excluding vouching testimony. Hence, we hold that Jackson's assertion, raised for the first time on appeal, that the vouching testimony of the victim's mother was inadmissible, does not present an issue of fundamental error.

Even if the principle disallowing vouching testimony were found to have constitutional roots, the presentation of the testimony of the victim's mother here would not lead us to reverse Jackson's conviction, for he has not shown that the error affected the outcome of his trial. This Court discussed the relative prejudicial effect of vouching testimony in *Reynolds v. State*, 126 Idaho 24, 30, 878 P.2d 198, 204 (Ct. App. 1994):

> At least with respect to the witnesses in this case, a partisan lay witnesses [sic] testimony generally implies a belief in the claims of the party for whom they are testifying. We do not believe that in this case a mother's testimony that she believes her child, or an adult friend's testimony that she believes the victim, would have any more than a marginal effect on the jury's determination of the credibility of the victim. The danger of experts testifying regarding credibility lies in the perception by the jury that the expert is a detached, neutral party who has no stake or interest in the litigation. Experts often possess special knowledge or training, giving their opinions of credibility great weight in the minds of jurors. Such weight is not afforded the lay witness who obviously sides with one party.

The error here permitted the jury to hear vouching testimony only from the victim's mother. For the reasons stated in *Reynolds*, Jackson has not shown a reasonable possibility that the vouching

6

testimony of K.W.'s mother affected the outcome of his trial. Accordingly, this error, even if fundamental, would not warrant a new trial.

**C.      Alleged Prosecutorial Reference to Defendant's Choice not to Testify**

Jackson also asserts fundamental error in a number of the prosecutor's statements during closing arguments. According to *Perry*, "Where a prosecutor attempts to secure a verdict on any factor other than the law as set forth in the jury instructions and the evidence admitted during trial, including reasonable inferences that may be drawn from that evidence, this impacts a defendant's Fourteenth Amendment right to a fair trial," and hence is reviewable as fundamental error. *Perry*, 150 Idaho at 227, 245 P.3d at 979.

Jackson first complains of the following statements made by the prosecutor at closing argument:

> What is--what's her motive to say these things other than if it isn't true? . . . I mean, it happened. It's believable. . . .
>       . . . .
>       There's just so many things that she has talked about that are so credible that I believe that the only right and just verdict in this case . . . is that Pony Jackson sexually abused [the victim] . . . . How could you make these facts up? I mean, how--a mirror, I mean, think about it. I mean, scissors. What she says happened happened.

Jackson argues that these statements violated the prohibition against attorneys interjecting at trial their personal opinions and beliefs about the credibility of a witness, *see State v. Phillips*, 144 Idaho 82, 86, 156 P.3d 583, 587 (Ct. App. 2007), and thereby infringed his constitutional right to due process. We disagree. Prosecutors are entitled to ask jurors to draw inferences from the trial evidence, including inferences about a witness's credibility. *State v. Felder*, 150 Idaho 269, 272-73, 245 P.3d 1021, 1024-25 (Ct. App. 2010); *State v. Priest*, 128 Idaho 6, 14, 909 P.2d 624, 632 (Ct. App. 1995). This claim of misconduct is not reviewable under the fundamental error doctrine because it is not plain, clear, or obvious that the prosecutor was asking the jury to render a decision based on the prosecutor's personal opinion or belief rather than asking the jury to draw reasonable inferences from the trial evidence concerning the victim's credibility.

The next statement with which Jackson takes issue is the prosecutor's comment that the victim "ought not to be held or punished again for waiting to come forward" with her allegations of abuse until years later. This, Jackson urges, was an impermissible attempt to obtain a guilty verdict by argument aimed at engendering sympathy for the victim. *See State v. Troutman*, 148

Idaho 904, 910, 231 P.3d 549, 555 (Ct. App. 2010). While this brief and indirect statement might be viewed as seeking to invoke sympathy, it does not meet the *Perry* standard that the constitutional error be plain, clear, or obvious. Nor could we find that it was of such moment that there is a reasonable possibility that it altered the outcome of the trial. Therefore, no fundamental error is shown.

Jackson's final contention is that the prosecutor violated Jackson's Fifth Amendment right to remain silent by commenting upon his choice not to testify at trial when, during rebuttal closing argument, the prosecutor said, "Did we hear any testimony that [the alleged lewd conduct] didn't happen? I don't recall hearing any testimony that it didn't happen. The only testimony I recall was that it happened."

The Fifth Amendment guarantee that no person may be compelled in a criminal case to be a witness against himself is violated if a prosecutor comments upon a defendant's failure to testify at trial. *Griffin v. California*, 380 U.S. 609, 614 (1965); *State v. McMurry*, 143 Idaho 312, 314, 143 P.3d 400, 402 (Ct. App. 2006). This rule applies to both direct and indirect comments about the absence of testimony from the defendant. *McMurry*, 143 Idaho at 314, 143 P.3d at 402. While a prosecutor's general reference to "uncontradicted" evidence does not necessarily reflect on the defendant's failure to testify where witnesses other than the defendant could have contradicted the State's evidence, comments on the lack of contradicting evidence may result in an indirect *Griffin* violation, depending upon the number and nature of those comments. *McMurry*, 143 Idaho at 314-15, 143 P.3d at 402-03. Jackson asserts that because he did not testify at trial and because he was the only potential trial witness who could have contradicted the victim's allegations against him, the prosecutor violated this standard in the rebuttal closing argument.

We conclude that this claim of error does not warrant fundamental error review. The prosecutor's statement must be evaluated in light of defense counsel's closing argument that immediately preceded it. *State v. Severson*, 147 Idaho 694, 719, 215 P.3d 414, 439 (2009). During cross-examination, defense counsel had elicited from a detective that in an interview Jackson had denied molesting the victim. Then during his closing argument, defense counsel said:

> Mr. Jackson has a constitutional right not to have to testify. He's not required to testify. And you cannot take that for anything, a matter of his guilt or of his innocence. He has a constitutional right not to be required to take the stand. *But*

8

*he already did testify to the detective; and again, he denied any of these things ever happened.*

(Emphasis added.) In this context, the prosecutor's responsive statement can be viewed as fair rebuttal to defense counsel's mischaracterization of Jackson's statements to the detective as "testimony." Nothing in the prosecutor's rebuttal argument explicitly called for the jury to infer that Jackson was guilty because of his silence or to convict him on that basis. As stated by our Supreme Court, "a court should not lightly infer that a prosecutor intends an ambiguous remark to have its most damaging meaning or that a jury, sitting through lengthy exhortation, will draw that meaning from the plethora of less damaging interpretations." *Severson*, 147 Idaho at 719, 215 P.3d at 439 (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 647 (1974)). The prosecutor's comment here, given in response to defense counsel's own improper argument, was at most an indirect and ambiguous comment on the absence of trial testimony from Jackson; it does not satisfy the *Perry* requirement that the constitutional error must be plain, clear, or obvious.

## IV.

## CONCLUSION

We conclude that Jackson has not demonstrated fundamental error. Therefore, the judgment of conviction is affirmed.

Judge GUTIERREZ and Judge MELANSON **CONCUR.**