**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 41894**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2015 Unpublished Opinion No. 516** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed:  June 11, 2015** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **MELINDA DENISE GRAY,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County.  Hon. Molly J. Huskey, District Judge.

Judgment of conviction for felony possession of a controlled substance and misdemeanor possession of drug paraphernalia and driving under the influence, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Chief Judge

Melinda Denise Gray appeals from her judgment of conviction for felony possession of a controlled substance and misdemeanor possession of drug paraphernalia and driving under the influence.  Gray argues that the state engaged in prosecutorial misconduct by eliciting testimony from one of the arresting officers regarding his conclusion as to an element of one of the charged crimes and his opinion of Gray's veracity.  For the reasons set forth below, we affirm.

**I.**

**FACTS AND PROCEDURE**

An officer stopped Gray after observing her commit several traffic violations and arrested her for driving under the influence (DUI).  During the search incident to arrest, the officer

1

discovered a small matchbox containing a few of Gray's prescription pills and a baggie of a white, powdery substance, which was later verified as methamphetamine. After a drug dog alerted on Gray's motorcycle, a second officer discovered an eyeglass case containing a used glass pipe. Gray denied ownership or knowledge of both the methamphetamine and pipe. She was charged with felony possession of a controlled substance, I.C. § 37-2732(c)(1); possession of drug paraphernalia, I.C. § 37-2734A; and DUI, I.C. § 18-8004.[1] Gray proceeded to trial and a jury found her guilty of all counts. The district court withheld judgment and placed Gray on probation for three years. Gray appeals.

## II.

## ANALYSIS

### A. Prosecutorial Misconduct

Gray contends that the state engaged in prosecutorial misconduct by eliciting certain improper testimony from the second officer at trial. She argues that the state elicited opinion testimony from the officer regarding Gray's veracity and her intent to use the pipe to smoke methamphetamine.[2] Although our system of criminal justice is adversarial in nature and the prosecutor is expected to be diligent and leave no stone unturned, he or she is nevertheless expected and required to be fair. *State v. Field*, 144 Idaho 559, 571, 165 P.3d 273, 285 (2007). However, in reviewing allegations of prosecutorial misconduct, we are cognizant of the realities of trial. *Id.* Indeed, a fair trial does not mean a perfect trial. *Id.*

Gray made no contemporaneous objection at trial to either alleged instance of misconduct.[3] However, she argues that each instance independently constitutes fundamental

---

[1]    Gray was also charged with two counts of misdemeanor possession of a controlled substance for the pills, which were dismissed before trial after Gray provided a valid prescription.

[2]    Gray also contends that the state committed prosecutorial misconduct by eliciting testimony regarding Gray's guilt. However, Gray offers no cogent argument or relevant authority to support this claim on appeal. A party waives an issue on appeal if either authority or argument is lacking. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996). Accordingly, we will not discuss this issue further.

[3]    Gray attempts to clothe both alleged errors with objections to different questions and answers, both of which occurred immediately prior to the challenged lines of questioning. To

error. Generally, claims of error that were not preserved by objection below will not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). However, Idaho appellate courts may still consider an unpreserved claim of error if the error resulted in a deprivation of the Fourteenth Amendment due process right to a fair trial in a fair tribunal, thereby rising to the level of fundamental error. *State v. Perry*, 150 Idaho 209, 224, 245 P.3d 961, 976 (2010). In *Perry*, the Idaho Supreme Court clarified the fundamental error doctrine, including its application to allegations of prosecutorial misconduct. It held that an appellate court should reverse based on unpreserved error only when the defendant persuades the court that: (1) the alleged error violates one or more of the defendant's unwaived constitutional rights; (2) the alleged error is clear or obvious without the need for reference to any additional information not contained in the appellate record; and (3) there is a reasonable possibility that the alleged error affected the outcome of the trial proceedings. *Id.* at 226, 245 P.3d at 978.

In order to meet the first prong of the *Perry* fundamental error test, Gray had to establish that the alleged prosecutorial misconduct violated one or more of her unwaived constitutional rights. In *State v. Jackson*, 151 Idaho 376, 256 P.3d 784 (Ct. App. 2011), we addressed whether eliciting testimony from one witness vouching for the truthfulness of another violated one or more of a defendant's unwaived constitutional rights. After reviewing the cases that the *Perry* Court used to support its conclusion that eliciting testimony from one witness vouching for the truthfulness of another was prosecutorial misconduct, we concluded that such misconduct was based on evidentiary concerns, not constitutional principles. *Id.* at 380, 256 P.3d at 788. We subsequently held in *State v. Herrera*, 152 Idaho 24, 266 P.3d 499 (Ct. App. 2011), that the

preserve an objection for appellate review, the specific ground for the objection must be clearly stated or must be readily apparent from the context. I.R.E. 103(a)(1); *State v. Sheahan*, 139 Idaho 267, 277, 77 P.3d 956, 966 (2003). Gray's objection prior to the questioning regarding the officer's opinion of her truthfulness was in reference to a question about whether the officer had formed an opinion on the ultimate legal question of whether Gray possessed the methamphetamine. Additionally, Gray's objection prior to the other challenged questioning was in reference to the officer's opinion testimony as to the specific intent element of possession of drug paraphernalia. The question following that objection addressed a different issue. Thus, neither objection was applicable to either line of questioning, so Gray must show that the state's conduct constituted fundamental error.

proposition enunciated in *Jackson* was not limited to eliciting vouching testimony. Instead, eliciting any testimony from one witness regarding the truthfulness--or lack thereof--of another witness does not constitute a constitutional violation allowing for fundamental error review. *Herrera*, 152 Idaho at 33-34, 266 P.3d at 508-09. Gray's claim of error in the eliciting of testimony from the officer regarding Gray's truthfulness is an evidentiary issue that does not implicate a constitutional right.[4] Accordingly, it does not present an issue warranting fundamental error review.

Gray also contends that eliciting testimony from the officer regarding his opinion that the glass pipe was intended to be used to smoke methamphetamine violated Gray's due process right to a fair trial and that the first prong of *Perry* is thereby satisfied. We disagree. The substance of this claimed error is that the state introduced inadmissible opinion testimony regarding the ultimate legal question before the jury. Where the asserted error relates not to infringement upon a constitutional right, but to violation of a rule or statute, the fundamental error doctrine is not implicated. *State v. Garcia*, 156 Idaho 352, 356, 326 P.3d 354, 358 (Ct. App. 2014); *Jackson*, 151 Idaho at 380, 256 P.3d at 788. Indeed, if the presentation of evidence and associated argument in violation of an evidentiary rule satisfied the constitutional violation element of *Perry* because all evidentiary error implicates due process, the first prong of the *Perry* standard would be virtually eviscerated and the limits that *Perry* places on fundamental error review would be undermined. *Garcia*, 156 Idaho at 356-57, 326 P.3d at 358-59; *Jackson*, 151 Idaho at 379-80, 256 P.3d at 787-88; *see also State v. Norton*, 151 Idaho 176, 184-87, 254 P.3d 77, 85-88 (Ct. App. 2011). As with Gray's other claim of prosecutorial misconduct, the allegedly improper testimony here implicated evidentiary rules, not constitutional rights. Because Gray cannot show that the alleged misconduct violated one or more of her unwaived constitutional rights, fundamental error review does not apply to this claim of prosecutorial misconduct either.

---

[4] We can conceive of a situation in which prosecutorial misconduct in the improper introduction of inadmissible evidence could reach such an extreme and egregiously prejudicial level as to constitute a violation of due process through the deprivation of a fair trial, thereby warranting fundamental error analysis. However, that is not the case here.

**B.**     **Cumulative Error**

Gray asserts that the cumulative effect of the asserted errors deprived her of a fair trial, necessitating a reversal of her conviction. It is well established that alleged errors at trial not followed by a contemporaneous objection will not be considered under the cumulative error doctrine unless said errors are found to pass the threshold analysis under our fundamental error doctrine. *Perry*, 150 Idaho at 230, 245 P.3d at 982. Gray has failed to show that either alleged instance of prosecutorial misconduct meets the threshold fundamental error analysis. As a result, the cumulative error doctrine does not apply.

## III.

## CONCLUSION

The prosecutor's questioning of the second officer regarding his opinion of whether Gray was lying and his opinion of whether the glass pipe was drug paraphernalia, neither of which Gray made a contemporaneous objection to, did not violate one or more of Gray's unwaived constitutional rights, precluding fundamental error analysis. Because Gray was unable to make the threshold showing for fundamental error analysis, the cumulative error doctrine does not apply. Accordingly, Gray's judgment of conviction for DUI, possession of drug paraphernalia, and felony possession of a controlled substance is affirmed.

Judge LANSING and Judge GRATTON, **CONCUR**.

5