**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 42405**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2015 Opinion No. 42 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: July 9, 2015 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| SCOTT ALAN MOORE, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Melissa Moody, District Judge.

Order denying motion to reduce felony to a misdemeanor, <u>affirmed</u>.

Barnum Howell, PLLC; Randall S. Barnum, Boise, for appellant. Matthew Gunn argued.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent. Mark W. Olson argued.

_____

GUTIERREZ, Judge

Scott Alan Moore moved the district court to reduce his felony conviction to a misdemeanor, as permitted under Idaho Code § 19-2604(3). After the prosecutor did not stipulate to the reduction, a condition required by I.C. § 19-2604(3), the district court entered an order denying the motion, and Moore appeals from this order. On appeal, Moore contends that I.C. § 19-2604(3) violates the separation of powers doctrine under the Idaho Constitution and denies equal protection under both the federal and state constitutions. For the reasons that follow, we affirm.

**I.**

**FACTS AND PROCEDURE**

In 2013, the Idaho Legislature amended I.C. § 19-2604(3) to permit a defendant who had been convicted of a felony and discharged from probation to move the sentencing court to reduce the felony to a misdemeanor, although requiring the prosecuting attorney to stipulate to the

1

reduction under certain circumstances. Moore, who pled guilty in 2003 to felony aiding and abetting a robbery, filed a motion in 2014 seeking to reduce his conviction to a misdemeanor, under I.C. § 19-2604(3). In his motion and supporting affidavit, Moore averred that he had successfully completed his probation without any probation violations. Following a hearing, the district court entered an order denying the motion. In its order, the court explained that "the prosecuting attorney objects to Defendant's motion [and t]he Court has no discretion to grant the relief sought based on the prosecuting attorney's objection." Moore appeals, challenging the constitutionality of I.C. § 19-2604(3).

## II.

## ANALYSIS

Relevant to this appeal, I.C. § 19-2604(3)(a) provides that "a defendant who has been convicted of a felony and who has been discharged from probation may [move] the sentencing court for a reduction of the conviction from a felony to a misdemeanor." For certain crimes, including robbery, the defendant's motion may be granted only if the prosecuting attorney stipulates to the reduction. *See* I.C. §§ 19-2604(3)(b) and (c). The court considering the motion exercises its discretion in granting the motion, but it may only grant the motion if it finds that:

> (i) The defendant has not been convicted of any felony committed after the conviction from which relief is sought;
> (ii) The defendant is not currently charged with any crime;
> (iii) There is good cause for granting the reduction in sentence; and
> (iv) In those cases where the stipulation of the prosecuting attorney is required under paragraph (b) or (c) of this subsection, the prosecuting attorney has so stipulated.

I.C. § 19-2604(3)(d).

On appeal, Moore contends that I.C. § 19-2604(3) violates the separation of powers doctrine under the Idaho Constitution. He also argues that I.C. § 19-2604(3) denies equal protection under both the federal and state constitutions. Moore did not raise in the district court the constitutional arguments he now asserts on appeal. Therefore, Moore must demonstrate fundamental error under *State v. Perry*, 150 Idaho 209, 228, 245 P.3d 961, 980 (2010).[1] That is,

---

[1] The Idaho Supreme Court has directed that fundamental error review under *State v. Perry*, 150 Idaho 209, 245 P.3d 961 (2010), applies at all stages in a criminal proceeding. *State v. Carter*, 155 Idaho 170, 174, 307 P.3d 187, 191 (2013) ("We therefore hold that the fundamental error test is the proper standard for determining whether an appellate court may hear

Moore must demonstrate that "the alleged error: (1) violates one or more of [his] unwaived constitutional rights; (2) plainly exists (without the need for any additional information not contained in the appellate record, including information as to whether the failure to object was a tactical decision); and (3) was not harmless." *Id.*

Moore first asserts a violation of the separation of powers doctrine. IDAHO CONST. art. II, § 1. In essence, Moore claims that I.C. § 19-2604(3) violates the separation of powers doctrine by transferring a power properly belonging to the judiciary to a prosecutor. This is so, he contends, because the statute, under the circumstances of this case, requires the stipulation of the prosecutor before the court can even entertain the motion to reduce a felony conviction to a misdemeanor. Moore also asserts a violation of equal protection under the Fourteenth Amendment to the United States Constitution and Article I, Section 2 of the Idaho Constitution. In essence, Moore claims that the statute improperly creates a classification of individuals with whom the prosecutor has stipulated to the relief versus those similarly situated with whom the prosecutor refuses to stipulate to relief. He contends that this scheme is inherently discriminatory and leads to arbitrary and unreviewable application by the prosecutor. We examine these arguments in light of *Perry*.

Since *Perry*, this Court and the Idaho Supreme Court have addressed numerous alleged errors that defendants asserted violated an unwaived constitutional right belonging to the defendant. Although not exhaustive, the appellate courts have found the following to satisfy the first prong: a court relying at sentencing upon findings from a competency evaluation that were included in the defendant's psychosexual evaluation;[2] a court imposing a vindictive sentence;[3] a

---

claims based upon unobjected-to error in all phases of criminal proceedings in the trial courts of this state."). Because Idaho Code § 19-2604(3) requires the criminal defendant to file a motion in the criminal case--and not file a separate civil action as would occur in a post-conviction case--the I.C. § 19-2604(3) motion is still part of the criminal proceeding. Hence, it stands to reason that the decision on the I.C. § 19-2604(3) motion, like other post-sentencing decisions in the criminal proceeding, is subject to fundamental error review.

[2]     *State v. Velasco*, 154 Idaho 534, 537, 300 P.3d 66, 69 (Ct. App. 2013).

[3]     *State v. Baker*, 153 Idaho 692, 695, 290 P.3d 1284, 1287 (Ct. App. 2012); *State v. Grist*, 152 Idaho 786, 792, 275 P.3d 12, 18 (Ct. App. 2012).

court imposing a conviction that violates the Ex Post Facto Clause;[4] the jury instructions including a fatal variance;[5] the jury instructions relieving the State of an element it must prove;[6] a prosecutor eliciting testimony of a defendant's silence;[7] a prosecutor referring during closing argument to a defendant's post-*Miranda* silence;[8] a prosecutor commenting on and playing a video of a defendant's invocation of her Fourth Amendment rights;[9] a prosecutor or witness referring to a defendant's invocation of a constitutional right;[10] a prosecutor improperly infusing race into a criminal trial;[11] a prosecutor attempting to secure a verdict on any factor other than the law set forth in the jury instructions and evidence admitted during trial, including reasonable inferences that may be drawn from the evidence;[12] and the State breaching the plea agreement.[13]

On the other hand, the appellate courts have held that some errors do not satisfy the first prong: a court's failure to order a statutory mental health evaluation;[14] a court's failure to sua

---

[4] *State v. Manzanares*, 152 Idaho 410, 421, 272 P.3d 382, 393 (2012) (explaining in dicta that an ex post facto violation would be implicated).

[5] *State v. Day*, 154 Idaho 476, 482, 299 P.3d 788, 794 (Ct. App. 2013).

[6] *State v. Parsons*, 153 Idaho 666, 669, 289 P.3d 1059, 1062 (Ct. App. 2012).

[7] *State v. Skunkcap*, 157 Idaho 221, 235, 335 P.3d 561, 575 (2014); *State v. Parton*, 154 Idaho 558, 566, 300 P.3d 1046, 1054 (2013); *State v. Whitaker*, 152 Idaho 945, 951, 277 P.3d 392, 398 (Ct. App. 2012).

[8] *State v. Galvan*, 156 Idaho 379, 383, 326 P.3d 1029, 1033 (Ct. App. 2014).

[9] *State v. Betancourt*, 151 Idaho 635, 640, 262 P.3d 278, 283 (Ct. App. 2011).

[10] *State v. Wright*, 153 Idaho 478, 489, 283 P.3d 795, 806 (Ct. App. 2012).

[11] *State v. Kirk*, 157 Idaho 809, 812, 339 P.3d 1213, 1216 (Ct. App. 2014).

[12] *Perry*, 150 Idaho at 227, 245 P.3d at 979; *State v. Branigh*, 155 Idaho 404, 418, 313 P.3d 732, 746 (Ct. App. 2013).

[13] *State v. Gomez*, 153 Idaho 253, 256, 281 P.3d 90, 93 (2012).

[14] *State v. Clinton*, 155 Idaho 271, 273, 311 P.3d 283, 285 (2013); *State v. Carter*, 155 Idaho 170, 173, 307 P.3d 187, 190 (2013).

4

sponte reduce a sentence under a criminal rule;[15] a court's limiting a defendant's allocution;[16] a court repeating testimony that had already been stricken due to an evidentiary objection;[17] a prosecutor presenting evidence that violated a rule of evidence;[18] and a prosecutor asking a witness for her opinion as to the truthfulness of another witness's testimony.[19] The common thread among these latter-asserted errors is that they have violated a statute or court rule, but have not directly violated the defendant's constitutional rights.

In this case, even though Moore advances constitutional arguments, at bottom, the "right" which he seeks to vindicate is a statutory, not constitutional right. There is no constitutional right to apply to a court to have a felony conviction modified to a misdemeanor conviction.[20] This is true even though Moore has also attempted to assert an equal protection violation. Even though equal protection is certainly considered an individual right (unlike separation of powers), protected by a specific constitutional clause, Moore does not seek to vindicate this right; rather, he seeks to vindicate his statutory right (I.C. § 19-2604(3)) by simply claiming that the statute violates equal protection. He does not identify an error that he asserts violated his constitutional right to equal protection.

---

[15]     *State v. Clontz*, 156 Idaho 787, 792, 331 P.3d 529, 534 (Ct. App. 2014).

[16]     *State v. Abdullah*, 158 Idaho 386, 476, 348 P.3d 1, 91 (2015).

[17]     *State v. Garcia*, 156 Idaho 352, 356-57, 326 P.3d 354, 358-59 (Ct. App. 2014)

[18]     *State v. Norton*, 151 Idaho 176, 182, 254 P.3d 77, 83 (Ct. App. 2011) (violation of Idaho Rule of Evidence 404(b)); *State v. Jackson*, 151 Idaho 376, 379, 381, 256 P.3d 784, 787, 789 (Ct. App. 2011) (evidence and argument in violation of a court order that was based on I.R.E. 404(b) and also vouching for testimony).

[19]     *State v. Herrera*, 152 Idaho 24, 33-34, 266 P.3d 499, 508-09 (Ct. App. 2011).

[20]     The trial court loses its ability to amend a judgment "once the judgment becomes final, either by expiration of the time for appeal or affirmance of the judgment on appeal," unless a statute or rule extends its jurisdiction. *State v. Jakoski*, 139 Idaho 352, 355, 79 P.3d 711, 714 (2003). Recently, the Supreme Court reiterated that the "judiciary has constitutionally recognized authority in the sphere of conviction and judgment, but not in the period following the entry of judgment." *State v. Thiel*, 158 Idaho 103, 110-12, 343 P.3d 1110, 1117-19 (2015). Thus, the district court in this case could not act in the absence of a statute, such as I.C. § 19-2604(3).

In *Perry*, the Idaho Supreme Court explained that fundamental error review is "strictly circumscribed." *Perry*, 150 Idaho at 224, 245 P.3d at 976. In addition, the Court reminded that the error must infringe a constitutional right belonging to the defendant, not merely violate a rule or statute:

> Idaho has limited appellate review of unobjected-to error to cases wherein the defendant has alleged the violation of a constitutionally protected right. *State v. Kirkwood*, 111 Idaho 623, 625-26, 726 P.2d 735, 737-38 (1986). We have stated that "where . . . the asserted error relates not to infringement upon a constitutional right, but to violation of a rule or statute . . . the 'fundamental error' doctrine is not invoked." *Id*. at 626, 726 P.2d at 738 (quoting *State v. Kelly*, 106 Idaho 268, 277, 678 P.2d 60, 69 (Ct. App. 1984)). In other words, contrary to the federal plain error rule, in Idaho a trial error that does not violate one or more of the defendant's constitutionally protected rights is not subject to reversal under the fundamental error doctrine. *See State v. Anderson*, 144 Idaho 743, 749, 170 P.3d 886, 892 (2007).

*Perry*, 150 Idaho at 226, 245 P.3d at 978.

We have rejected the argument that all errors that taint a criminal proceeding infringe on a defendant's Fourteenth Amendment due process right to a fair trial and thus satisfy the first prong of *Perry*. *See State v. Jackson*, 151 Idaho 376, 379, 256 P.3d 784, 787 (Ct. App. 2011). We explained that this indirect constitutional violation argument was inconsistent with *Perry's* pronouncement that "where . . . the asserted error relates not to infringement upon a constitutional right, but to a violation of a rule or statute . . . the fundamental error doctrine is not invoked." *Jackson*, 151 Idaho at 379, 256 P.3d at 787 (quoting *Perry*, 150 Idaho at 226, 245 P.3d at 978). We surmised that in this Court's view, *Perry's* requirement of a constitutional violation "reflects an intent to frame a more definitive limit upon fundamental error review, not to expand it." *Jackson*, 151 Idaho at 379, 256 P.3d at 787. If we adopted the argument that an error tainting a criminal proceeding indirectly infringed on a constitutional right and satisfied the first *Perry* prong, we explained that the first prong of *Perry* would be virtually eviscerated:

> To hold that the presentation of evidence and associated argument in violation of an evidentiary rule satisfies the constitutional violation element of *Perry* because all evidentiary error implicates due process would, in our view, virtually eviscerate the first prong of the *Perry* standard and contravene the limits that *Perry* places on fundamental error review.

*See Jackson*, 151 Idaho at 379-80, 256 P.3d at 787-88.

6

In sum, fundamental error analysis is designed to provide review of the denial of a right of constitutional significance in the absence of objection in the trial court. By definition, a right conferred by statute is not a constitutional right. In such a case, a defendant cannot satisfy the threshold requirement of *Perry*, even if the asserted violation of the statute evokes constitutional principles such as separation of powers or equal protection. Thus, fundamental error does not apply to the violation of a statutory right.

Although tangentially raised in his briefing, at oral argument Moore pointed this Court to the more recent Idaho Supreme Court decision in *State v. Easley*, 156 Idaho 214, 322 P.3d 296 (2014), arguing that it is analogous to the facts of Moore's case. *Easley* involved a practice acknowledged and followed by both the district court and the prosecutor, in which the prosecutor had an absolute veto to acceptance of a defendant into mental health court. The district court could not consider that sentencing option if vetoed by the prosecutor. *Id*. at 220, 322 P.3d at 302. While Easley raised a number of objections in the district court, including constitutional objections, she also raised, for the first time on appeal, a violation of the separation of powers doctrine. *Id*. at 220-21, 322 P.3d at 302-03. The *Easley* Court determined that the practice indeed violated the separation of powers doctrine and granted resentencing, finding fundamental error. *Id*. at 221, 322 P.3d at 303.

What *Easley* does not expressly say is just what unwaived constitutional right held by the defendant is being vindicated.[21] In *Perry*, the Idaho Supreme Court made clear that the first prong in the fundamental error analysis required that "the defendant must demonstrate that one or more *of the defendant's* unwaived constitutional rights were violated." *Perry*, 150 Idaho at 226, 245 P.3d at 978 (emphasis added). Neither Easley nor Moore individually holds a constitutional right to the separation of powers. It is, after all, a principle of organization of

---

[21] The prosecutor's veto removed from the district court the option of sentencing Easley to mental health court. Mental health courts are established by statute, I.C. § 19-5609, and "[n]o person has a right to be admitted into a mental health court." I.C. § 19-5609(1). Moreover, although the prosecutor's veto removed the possibility of mental health court, there is no enumerated constitutional right for a defendant to be sentenced by a judge. Rather, "the legislature determines . . . which actor will be responsible for deciding what sentence should be imposed in the individual case." 6 WAYNE R. LAFAVE ET AL., CRIMINAL PROCEDURE § 26.2(a) (3d ed. 2007). In Idaho, our legislature has directed via statute that the court pronounce judgment. *See* I.C. § 19-2501; *but see* Idaho Criminal Rule 33 (a court rule directing that the court pronounce judgment).

government not an individual constitutional right. Thus, we view *Easley* as an outlier that has no impact on this case and the other established precedent following *Perry*.

## III.

## CONCLUSION

Although Moore argues that I.C. § 19-2604(3) violates the separation of powers doctrine and equal protection, Moore did not meet his burden of showing fundamental error under *Perry* for both arguments. Specifically, Moore sought to vindicate a statutory right, and fundamental error does not apply to a defendant's attempt to vindicate a statutory right. Because Moore failed to satisfy the first prong of *Perry*, we do not consider the remainder of Moore's arguments on appeal. Accordingly, the district court's order denying Moore's motion to reduce his felony conviction to a misdemeanor is affirmed.

Judge GRATTON and Judge Pro Tem WALTERS **CONCUR**.