## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket Nos. 44140 & 44141

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2017 Opinion No. 46 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: September 29, 2017 |
| | ) | |
| v. | ) | Karel A. Lehrman, Clerk |
| | ) | |
| BRANDON BRIGGS, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Madison County. Hon. Alan C. Stephens, District Judge.

Order denying motion in limine and judgment of conviction, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

HUSKEY, Judge

Brandon Briggs appeals from his judgment of conviction entered upon the jury verdict finding him guilty of five counts of lewd conduct, four counts of sexual abuse, and one count of enticing. Before trial, the district court denied Briggs's request to cross-examine witnesses regarding sexual activity under Idaho Rule of Evidence 412(b)(2)(D). On appeal, Briggs argues unobjected-to error occurred because the district court violated his right to confront witnesses under I.R.E. 412(b)(1) and the Sixth Amendment of the United States Constitution. Because this case did not involve an unobjected-to error, the standard for unobjected-to error does not apply. Even if this standard does apply, there was no constitutional violation in this case, and thus, Briggs cannot establish fundamental error. Furthermore, Briggs did not present a Sixth Amendment or I.R.E. 412(b)(1) argument to the district court, and thus, we cannot address the arguments for the first time on appeal. We therefore affirm the district court's order denying Briggs's motion in limine and judgment of conviction.

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

In Docket No. 44140 (2014 case), the State charged Briggs with six crimes:  (1) lewd conduct with a child under the age of sixteen years, felony, Idaho Code §§ 18-1508 and 18-112A; (2) sexual abuse of a child under the age of sixteen years, felony, I.C. §§ 18-1506 and 18-112A; (3) lewd conduct with a child under the age of sixteen years, felony, I.C. §§ 18-1508 and 18-112A; (4) lewd conduct with a child under the age of sixteen years, felony, I.C. §§ 18-1508, 18-112A, and 19-304; (5) lewd conduct with a child under the age of sixteen years, felony, I.C. §§ 18-1508, 18-112A, and 19-304; and (6) lewd conduct with a child under the age of sixteen years, felony, I.C. §§ 18-1508, 18-112A, and 19-304.

In Docket No. 44141 (2015 case), the State charged Briggs with four crimes:  (1) sexual abuse of a child under the age of sixteen years, felony, I.C. §§ 18-1506(1)(a) and 18-112A; (2) sexual abuse of a child under the age of sixteen years, felony, I.C. §§ 18-1506(1)(a) and 18-112A; (3) sexual abuse of a child under the age of sixteen years, felony, I.C. §§ 18-1506(1)(b)[1] and 18-112A; and (4) enticing a child through the use of the Internet or other communication device, felony, I.C. § 18-1509A.  The district court consolidated the cases.

Before trial, Briggs filed a motion in limine, pursuant to I.R.E. 412.  In the motion, Briggs moved the district court to admit the sexual history of the victims in the case to show the victims were sexually involved with individuals other than Briggs.  Briggs alleged the victims accused Briggs in order to protect the actual perpetrators of the crimes.  Briggs argued the testimony was relevant to provide a motive for the victims to lie about any sexual contact with Briggs.  At the hearing on the motion, Briggs was asked which section of I.R.E. 412 applied, and Briggs responded:  "I think it goes under Rule 412(b)(2)(D), 'sexual behavior with parties other than the accused which occurred at the time of the event giving rise to the sex crime charged.'"  The district court issued the following ruling on the matter:

> I think evidence that these [victims] knew each other and would, therefore, have an opportunity to maybe conspire or get their stories together would be relevant evidence.  But I don't think the allegations about sexual contact between these [victims] and others--I don't see how that would fit under 412 in this

---

[1]     The information lists the count as Idaho Code, Section 18-1506(a)(b), but this appears to be a typographical error.  Idaho Code § 18-1506(a)(b) does not exist and the language of the charge correlates instead to I.C. § 18-1506(1)(b).

particular case, because consent is not an issue in this case because these are minors.

The district court issued a written order on the motion in limine, ruling that Briggs could not present evidence of the victims' sexual conduct with other individuals. At no point did Briggs articulate that he had a constitutional right to present the evidence in question, cross-examine the victims on the matter, or specify any different or additional bases under I.R.E. 412 to admit the evidence.

At trial, the jury found Briggs guilty on all counts charged. In the 2014 case, the district court imposed a unified sentence of forty-eight years, with eighteen years determinate, on each of the five lewd conduct counts. The district court also imposed a unified sentence of twenty-five years, with twelve years determinate, on the sexual abuse count. In the 2015 case, the district court imposed a unified sentence of twenty-five years, with twelve years determinate, on each of the three sexual abuse counts. For the charge of enticing a child through the use of the Internet, the district court imposed a unified sentence of fifteen years, with seven years determinate. The district court ordered all sentences to run concurrently. Briggs timely appeals.

## II.

## STANDARD OF REVIEW

The decision whether to admit evidence at trial is generally within the province of the trial court. A trial court's determination that evidence is supported by a proper foundation is reviewed for an abuse of discretion. *State v. Gilpin*, 132 Idaho 643, 646, 977 P.2d 905, 908 (Ct. App. 1999). Therefore, a trial court's determination as to the admission of evidence at trial will only be reversed where there has been an abuse of that discretion. *State v. Zimmerman*, 121 Idaho 971, 973-74, 829 P.2d 861, 863-64 (1992).

## III.

## ANALYSIS

Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). Idaho decisional law, however, has long allowed appellate courts to consider a claim of error to which no objection was made below if the issue presented rises to the level of fundamental error. *See State v. Field*, 144 Idaho 559, 571, 165 P.3d 273, 285 (2007); *State v. Haggard*, 94 Idaho 249, 251, 486 P.2d 260, 262 (1971). In *State v. Perry*, 150 Idaho 209, 245 P.3d 961 (2010), the Idaho Supreme Court abandoned the definitions it had previously utilized to describe what may constitute fundamental

3

error.  The *Perry* Court held that an appellate court should reverse an unobjected-to error when the defendant persuades the court that the alleged error:  (1) violates one or more of the defendant's unwaived constitutional rights; (2) is clear or obvious without the need for reference to any additional information not contained in the appellate record; and (3) affected the outcome of the trial proceedings.  *Id.* at 226, 245 P.3d at 978.

**A.** **Because There Was No Unobjected-to Error, the Unobjected-to Error Standard Does Not Apply to This Case**

  The threshold question here is whether the failure to articulate a specific basis on which to admit evidence qualifies as unobjected-to error for purposes of a fundamental error analysis.  This Court does not apply *Perry* factors unless it first determines a trial contained an unobjected-to error.  *See Id.* at 226, 245 P.3d at 978.

  It is not unobjected-to error when a party articulates a specific basis to admit evidence, receives a ruling, and then fails to offer a different basis on which to admit the evidence.  For example, in *Perry*, trial counsel made only one objection to the State's witnesses during trial.  *Id.* at 214-15, 245 P.3d at 966-67.  The Court analyzed the unobjected-to error after Perry argued on appeal that the prosecutor committed five acts of misconduct, four of which Perry did not object to at trial.  *Id.* at 219, 245 P.3d at 971.  The Supreme Court also analyzed unobjected-to error when both parties in *State v. Sutton*, 151 Idaho 161, 254 P.3d 62 (2011) agreed the court gave the wrong jury instructions, yet Sutton failed to object at trial.  *Id.* at 163, 254 P.3d at 64.  Similarly, the appellant in *State v. Rollins*, 152 Idaho 106, 307 P.3d 1211 (Ct. App. 2011) argued on appeal that the district court should have ordered a psychological examination, even though Rollins did not object to the lack of an evaluation.  *Id.* at 109, 266 P.3d at 1214.  In *State v. Carter*, 155 Idaho 170, 307 P.3d 187 (2013), Carter appealed his sentence on the grounds that, although Carter did not object, the district court failed to order a psychological evaluation and used a pre-trial competency evaluation.  *Id.* at 171, 307 P.3d at 188.

  Here, the actions of Briggs's trial attorney did not qualify as unobjected-to error.  Trial counsel filed a motion in limine, arguing a very specific ground on which the district court should admit evidence of the victims' sexual history, which the district court denied.  When the evidence was excluded, trial counsel did not offer a different basis for its admission.  Thus, this is not a case where trial counsel failed to object; instead, this is a case where trial counsel failed to offer a basis upon which the evidence could be admitted.  Briggs's claim on appeal is not that the State or the district court made an error to which no objection was made.  Rather, Briggs is

4

claiming his attorney failed to argue a particular basis on which to admit the evidence, thus constituting "unobjected-to error." Here, however, there was no error to which trial counsel could object because he could not object to his own inaction. This is not the type of circumstance of "unobjected-to error" contemplated by the *Perry* opinion. The failure to offer a specific evidence rule as a basis to admit or exclude evidence is not unobjected-to error for purposes of a fundamental error analysis.[2]

**B.  Even If We Consider Unobjected-to Error, Briggs Cannot Show Fundamental Error Because He Cannot Satisfy the First Prong of *Perry***

Even if we could apply the *Perry* factors to this case, Briggs cannot show fundamental error. Where the asserted error involves a violation of a rule or statute, and not a constitutional right, the fundamental error doctrine is not invoked. *Perry*, 150 Idaho at 226, 245 P.3d at 978. Throughout trial, Briggs attempted to admit evidence of the victims' sexual behavior under I.R.E. 412(b)(2)(D), sexual behavior with parties other than the accused which occurred at the time of the event giving rise to the sex crime charged. Only on appeal has Briggs asserted a constitutional violation for what was an evidentiary issue at trial, making this case similar to the facts in *State v. Jackson*, 151 Idaho 376, 256 P.3d 784 (Ct. App. 2011).

In *Jackson*, the defendant filed a motion in limine before trial, seeking to exclude evidence pursuant to I.R.E. 404(b). *Jackson*, 151 Idaho at 378-79, 256 P.3d at 786-87. On appeal, Jackson argued fundamental error pursuant to his Fourteenth Amendment due process right to a fair trial. *Jackson*, 151 Idaho at 379, 256 P.3d at 787. This Court was not persuaded, holding that Jackson's argument did not satisfy the first prong of *Perry*. *Jackson*, 151 Idaho at 379, 256 P.3d at 787. Specifically, we explained:

> To hold that the presentation of evidence and associated argument in violation of an evidentiary rule satisfies the constitutional violation element of *Perry* because all evidentiary error implicates due process would, in our view, virtually eviscerate the first prong of the *Perry* standard and contravene the limits that *Perry* places on fundamental error review.

*Jackson*, 151 Idaho at 379-80, 256 P.3d at 787-88. We decline to extend the *Perry* "unobjected-to error" analysis to situations in which trial counsel fails to offer a particular basis upon which to admit evidence. Consequently, Briggs cannot satisfy the first prong of *Perry*.

---

[2]  It must be remembered that fundamental error is simply a standard created and utilized by our appellate courts for appellate review. It is not a right of review.

**C.    Briggs Did Not Present a Sixth Amendment or I.R.E. 412(b)(1) Argument to the District Court, and Thus, We Cannot Address These Arguments on Appeal**

Even if we were to hold such a claim was cognizable under the *Perry* analysis, Briggs raises the issue for the first time on appeal. The Supreme Court has recently emphasized that appellate court review is limited to the evidence, theories, and arguments that were presented below. *State v. Garcia-Rodriguez*, 162 Idaho 271, 275, 396 P.3d 700, 704 (2017).[3] For an objection to be preserved for appellate review, either the specific ground for the objection must be clearly stated, *State v. Norton*, 134 Idaho 875, 880, 11 P.3d 494, 499 (Ct. App. 2000), or the basis of the objection must be apparent from the context. *State v. Cannady*, 137 Idaho 67, 72, 44 P.3d 1122, 1127 (2002). An objection to the admission of evidence on one basis does not preserve a separate and different basis for exclusion of the evidence. *Norton*, 134 Idaho at 880, 11 P.3d at 499.

Although both parties address whether the district court's failure to admit the evidence pursuant to I.R.E. 412(b)(1) constitutes fundamental error, Briggs concedes he is making a different argument on appeal than he made at trial regarding the admissibility of evidence. On appeal, Briggs argues that his Sixth Amendment right to confront witnesses was violated because the evidence was excluded. Specifically, Briggs asserts that he had a constitutional right to cross-examine the victims regarding their sexual activity. Briggs explains in his appellant's brief: "Prior to trial, Mr. Briggs's counsel asserted the evidence at issue was admissible under Idaho Rule of Evidence 412 to show the alleged victims' motive to lie. However, defense counsel did not articulate that the evidence was constitutionally required to be admitted pursuant to Rule 412(b)(1)." After this admission, Briggs asserts that this Court may review the constitutional violation because the error plainly exists and is not harmless. We disagree.

Briggs did not argue to the district court that the evidence of the victims' sexual activity was constitutionally required to be admitted. The issue of constitutionality is raised for the first time on appeal. Throughout the pretrial and trial proceedings, Briggs presented no evidence of a

---

[3]    We acknowledge Briggs filed the appellant's brief prior to the Supreme Court's issuance of *State v. Garcia-Rodriguez*, 162 Idaho 271, 396 P.3d 700 (2017), and thus, Briggs did not have the benefit of the ruling. Nonetheless, *Garcia-Rodriguez* cites to the long history of appellate restraint. *See Nelson v. Nelson*, 144 Idaho 710, 714, 170 P.3d 375, 379 (2007); *see also*, *Allied Bail Bonds, Inc. v. Cty. of Kootenai*, 151 Idaho 405, 413, 258 P.3d 340, 348 (2011); *Woods v. Sanders*, 150 Idaho 53, 59, 244 P.3d 197, 203 (2010); *Meyers v. Hansen*, 148 Idaho 283, 292, 221 P.3d 81, 90 (2009).

Sixth Amendment violation and offered no claim regarding his constitutional right to confront witnesses. Rather, Briggs attempted to admit evidence of the victims' sexual behavior under I.R.E. 412(b)(2)(D), sexual behavior with parties other than the accused which occurred at the time of the event giving rise to the sex crime charged. Because we are limited to the evidence, theories, and arguments that were presented to the district court, and because Briggs did not assert a constitutional right to confront witnesses at trial, we decline to address Briggs's constitutional claim on appeal. Additionally, on appeal Briggs does not address the exclusion of the evidence pursuant to I.R.E. 412(b)(2)(D). Because Briggs makes no argument that the district court erred in excluding the evidence on that basis, we decline to address the issue on appeal.

## IV.
## CONCLUSION

Briggs's actions at trial did not qualify as unobjected-to error pursuant to *Perry*, and even if they did, Briggs has not established a constitutional violation occurred in this case. Briggs also presents arguments on appeal that he did not present at trial. For the reasons set forth above, we affirm the district court's order denying Briggs's motion in limine and judgment of conviction.

Chief Judge GRATTON and Judge GUTIERREZ **CONCUR**.